J-S47003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KENNY WATSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LAWRENCE MAHALLY, SUPERINTENDENT OF SCI DALLAS, AND DISTRICT ATTORNEY DANIEL A. BARRETT, | |
| Appellees | No. 1813 MDA 2015 |

Appeal from the Order Entered September 1, 2015
In the Court of Common Pleas of Bradford County
Civil Division at No(s): 2015 IR 0031

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 12, 2016**

Appellant, Kenny Watson, appeals from the order denying as untimely his second petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

Appellant was convicted by a Bradford County jury of criminal conspiracy to commit aggravated assault, criminal conspiracy to commit kidnapping, persons not to own or possess a firearm, tampering with or fabricating physical evidence, unlawful restraint, aggravated assault, and false imprisonment.  On October 17, 2002, Appellant was sentenced to an aggregate term of imprisonment of ten years, one month to twenty-one years.

Preliminarily, we note that our disposition of this case does not compel a detailed account of the factual history of Appellant's crimes. However, this Court, in affirming the judgment of sentence in Appellant's direct appeal, stated in pertinent part as follows:

> Generally, the evidence at trial, consisting of eyewitness testimony, established that in the afternoon of April 17, 2001, an argument developed between Jason Ryans and the Watson brothers at Appellant's home in Wilkes-Barre, Pennsylvania.[1] The Watsons believed that Ryans had stolen a handgun and a safe containing marijuana and money. During the argument, Appellant punched Ryans. In an ensuing struggle, James Watson grabbed a knife and inflicted multiple wounds to Ryans's hands and arms. Ryans was also punched and kicked repeatedly by the Watsons. The Watsons then bound the wrists of Ryans, either for the purpose of stopping his bleeding or to prevent his escape, or both. Ryans was then placed in a vehicle and transported to a rural area near the Village of Camptown in Bradford County. There, Ryans was taken from the vehicle and shot twice in the back of the head by James Watson. Ryans apparently died immediately.
>
> The evidence against James Watson and Appellant diverged with respect to their criminal culpability following the altercation in Wilkes-Barre. After Ryans was bound, the Watsons then informed others at the house that they would be taking Ryans to a hospital, but would seek a rural hospital. The evidence revealed that [James Watson] was in fact simply looking for a secluded place to murder Ryans, but the evidence also suggested that Appellant, among others, was duped into accompanying James Watson to Bradford County. The jury at least had a reasonable doubt as to Appellant's complicity in any plan to kill Ryans, for it acquitted him of all charges of homicide and conspiracy to commit homicide. Appellant's counsel admitted to the jury that his client was guilty of assault,

---

[1] We note that Wilkes-Barre is in Luzerne County.

> but denied his involvement in any action or plan intended to kill Ryans.

*Commonwealth v. Watson*, 860 A.2d 1137, 553 MDA 2003 (Pa. Super. filed August 20, 2004) (unpublished memorandum at 2). This Court affirmed the judgment of sentence. *Id*. Appellant's petition for allowance of appeal was denied on January 20, 2005. *Commonwealth v. Watson*, 868 A.2d 1200, 882 MAL 2004 (Pa. filed January 20, 2005).

Appellant filed a PCRA petition on June 9, 2005, challenging, *inter alia*, Bradford County's jurisdiction regarding criminal acts that occurred in Luzerne County. The first PCRA court denied the petition on June 23, 2006, and determined that Bradford County had jurisdiction because the criminal conduct was from a single criminal episode. This Court affirmed the denial of Appellant's first PCRA petition, finding all of the issues waived due to Appellant's failure to comply with Pa.R.A.P. 1925. *Commonwealth v. Watson*, 953 A.2d 607, 1253 MDA 2006 (Pa. Super. filed March 7, 2008) (unpublished memorandum).

On May 21, 2015, Appellant, *pro se*, filed the instant petition for writ of *habeas corpus*, which the Bradford County Court of Common Pleas treated as an untimely petition pursuant to the PCRA. The court dismissed the petition on September 1, 2015, and Appellant filed a timely notice of appeal on September 29, 2015. The common pleas court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the lower [c]ourt abused it's [sic] discretion when it dismissed the Petitioner's Writ of Habeas Corpus Action when jurisdiction is lacking?

2. Whether the Court of Common Pleas of Bradford County Pennsylvania lacked subject matter jurisdiction and personal jurisdiction in this case?

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert,* 85 A.3d 1095, 1100 (Pa. Super. 2014). "The PCRA court may dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings.' Pa.R.Crim.P. 909(B)(2)." *Commonwealth v. Johnson*, 139 A.3d 1257, 1273 (Pa. 2016).

Initially, we conclude that the PCRA court accurately considered Appellant's petition to be a PCRA petition. The scope of the PCRA is defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of**

**obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis**. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

Our Supreme Court has construed the above language "as manifesting the legislature's intent that the PCRA be the sole means by which an appellant may collaterally challenge his conviction." *Commonwealth v. Descardes*, 136 A.3d 493, 498 (Pa. 2016). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular issue raised by Appellant is a claim that was available to him under the PCRA. The PCRA provides as follows:

§ 9543.  Eligibility for relief

**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

\* \* \*

(2)  That the conviction or sentence resulted from one or more of the following:

\* \* \*

(viii)  A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2)(viii).

In the instant case, Appellant challenges the jurisdiction of the Bradford County Court of Common Pleas to preside over the charges that originated in Luzerne County and culminated with a homicide in Bradford County.  Upon review of the relevant law and Appellant's petition, we agree that the PCRA court properly considered Appellant's petition for *habeas corpus* to be a PCRA petition.

As noted, the PCRA court dismissed the petition as untimely.  A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.  **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the case *sub judice*, Appellant was sentenced on October 17, 2002. This Court affirmed the judgment of sentence on August 20, 2004, and our Supreme Court denied Appellant's petition for allowance of appeal on January 20, 2005. Appellant did not seek a writ of *certiorari* in the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on April 20, 2005, when the ninety-day period for Appellant to file a petition for a writ of *certiorari* expired. 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct.R. 13 (instructing that petition for writ of *certiorari* is deemed timely when it is filed within ninety days after denial of petition for allowance of appeal). Thus, the instant PCRA petition is patently untimely.

An untimely petition may be received when the petition alleges and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] "However, the PCRA limits the reach of the exceptions by providing

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citing ***Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)).

Our review of the record reveals that Appellant failed to allege or prove to the PCRA court that any of the exceptions apply. Thus, the court of common pleas was without jurisdiction to grant relief in this matter, and it properly dismissed Appellant's PCRA petition as untimely.

We likewise conclude that Appellant has failed to assert on appeal to this Court that any of the exceptions apply or that the petition was presented within the applicable sixty-day time frame. Moreover, our review of Appellant's contention that the Bradford County Court lacked jurisdiction over his criminal acts in Luzerne County does not fall within any of the exceptions to the timeliness rule. Thus, because Appellant's second PCRA

*(Footnote Continued)* _____

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address Appellant's claim and grant relief.  ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).  Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016